# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:02cr161

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| CONSUEGO SHINE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendant's March 19, 2012, letter to the court in which she requests judicial assistance in having the Bureau of Prisons ("BOP") allow her to participate in the Residential Drug Abuse Treatment Program ("RDAP"). Specifically, she asks for an Order showing that she failed drug tests on three occasions while being supervised in this district.

First, the court made no recommendation as to participation in any drug treatment program in its original judgment. See Judgment #62, at 2. Indeed, Judge Voorhees specifically waived the condition of mandatory drug testing while on supervised release, finding that "defendant poses a low risk of future substance abuse." Id., at 3. Such findings were carried forward in the first Amended Judgment (#64).

Finally, the court has considered defendant's statement that "[p]er your order I have applied for the Residential Drug Abuse Program" (#108, at 1). Review of the Orders of this court do not reveal any such Order. The closest statement is found in Judge Reidinger's Order (#91) granting a reduction under "Crack I," as follows:

> Upon release from imprisonment, and absent a residential plan accepted by the U.S. Probation Officer prior to release from incarceration, it is ordered that as a condition of supervised release the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work

release, at the direction of the U.S. Probation.

Order (#91), at 1. Such post-release reporting requirement to a Residential Reentry Center is not the same thing as participation in a Residential Drug Abuse Program, which is a program administered by BOP during the term of incarceration.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's letter, deemed to be a motion for miscellaneous relief, is hereby **DENIED.**

Signed: March 26, 2012

Max O. Cogburn Jr.
United States District Judge